IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## LEWIS V. HILL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-25322     John P. Colton, Jr., Judge**

---

**No. W2002-00443-CCA-R3-PC - Filed January 8, 2003**

---

The petitioner, Lewis V. Hill, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief, claiming that the trial court erred by determining that he filed his petition outside the statute of limitations.  He contends that his petition was not time-barred because it was filed within one year of this court's denying his motion to waive the timely filing of a notice of appeal. We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for the appellant, Lewis V. Hill.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and R. Scott McCullough, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

        The record reflects that a jury convicted the petitioner of attempted second degree murder and attempted especially aggravated robbery, Class B felonies, on September 1, 1999, and that on October 1, 1999, the trial court sentenced him as a Range II, multiple offender to an effective sentence of thirty-one years in confinement.  The petitioner's trial attorney filed a timely motion for new trial, which was denied by the trial court on December 3, 1999, but did not file a notice of appeal. On June 9, 2000, the petitioner filed a pro se motion with this court requesting waiver of the timely filing of a notice of appeal.  See T.R.A.P. 4(a).  In his motion, the petitioner claimed that his trial attorney failed to file the notice of appeal as the petitioner had requested.  On August 1, 2000, this court denied the motion pursuant to Rule 22, T.R.A.P., because the petitioner did not "provide this Court with any documentation regarding the cause to be appealed (i.e., copies of the judgments of conviction, the motion for new trial, or the trial court's written denial)."  However, this court

stated that it would reconsider the petitioner's motion if he complied with Rule 22(a). Apparently, the petitioner took no action.

The petitioner filed a <u>pro se</u> petition for post-conviction relief on July 5, 2001, which was amended by appointed counsel. The petition raises various claims, including the ineffectiveness of petitioner's trial counsel because counsel "did not fully explain his appeal rights, causing petitioner to miss his deadline for filing a pro se Notice of Appeal." The trial court dismissed the petition without an evidentiary hearing on the basis that the petitioner filed his petition outside the one-year statute of limitations. <u>See</u> Tenn. Code Ann. § 40-30-202(a). Although the trial court noted that Tenn. Code Ann. § 40-30-202(b) and (c) provided certain exceptions to the one-year statute of limitations period, it determined that none of the exceptions applied in this case.

The petitioner acknowledges that he filed his petition for post-conviction relief more than one year after the trial court denied his motion for new trial. However, he contends that his petition was timely filed because he filed it within one year of the date this court denied his motion to waive the timely filing of a notice of appeal. The state contends that the trial court properly dismissed the petition for post-conviction relief. We agree with the state.

Tenn. Code Ann. § 40-30-202 is the controlling authority with regard to the statute of limitations for post-conviction relief petitions. It provides that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence . . . .

A trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed. <u>See</u> T.R.A.P. 4(a), (c). If a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, a court may still consider it if (1) a new constitutional right has been recognized; (2) the petitioner's innocence has been established by new scientific evidence; or (3) a previous conviction that enhanced the petitioner's sentence has been held to be invalid. Tenn. Code Ann. § 40-30-202(b)(1)-(3). A court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. <u>Burford v. State</u>, 845 S.W.2d 204, 208 (Tenn. 1992); <u>see, e.g.</u>, <u>Seals v. State</u>, 23 S.W.3d 272 (Tenn. 2000) (holding that due process mandates the tolling of the statute of limitations under the 1995 Sentencing Act during periods of a petitioner's mental incompetence).

The petitioner claims that after the trial court denied his motion for new trial, he thought that his trial attorney was continuing to represent him and that he did not need to do anything further

concerning his appeal. He contends that once he learned he no longer had an attorney, he filed a motion with this court requesting that this court waive a timely filing of a notice of appeal. Without any legal argument, he contends that his petition for post-conviction relief was not time-barred because he filed it within one year of this court's denying his motion. However, Tenn. Code Ann. § 40-30-202(a) states that if the petitioner does not appeal his conviction, he must file a petition for post-conviction relief within one year of the date on which the judgment of conviction became final. Therefore, absent this court's granting the defendant's motion to waive the timely filing of a notice of appeal, the statute of limitations began to run from the time the judgments of conviction became final, which was well before this court denied the petitioner's motion. The trial court properly dismissed his post-conviction petition.

We also note that the petitioner obviously knew by June 6, 1999, that his trial attorney was no longer acting on his behalf. Although the time to file a notice of appeal had expired, the petitioner still had six months to file a petition for post-conviction relief. This court has held that six months is a "reasonable opportunity" in which to file a petition for post-conviction relief. Barry N. Waddell v. State, No. M2001-00096-CCA-PC, Davidson County, slip op. at 4 (Tenn. Crim. App. Oct. 17, 2001), app. denied (Tenn. Apr. 8, 2002).

Based upon the foregoing and the record as a whole, we affirm the trial court's dismissal of the petition for post-conviction relief.

_____
JOSEPH M. TIPTON, JUDGE