# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## KASSY JANIKOWSKI v. DWIGHT BARBEE, WARDEN
## (STATE OF TENNESSEE)

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-08052   Carolyn Wade Blackett, Judge**

_____

**No. W2008-01908-CCA-R3-HC  -  Filed April 2, 2009**

_____

The petitioner, Kassy Janikowski, appeals the Shelby County Criminal Court order dismissing her petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the order pursuant to Rule 20, Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Kassy Janikowski, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On August 7, 2000, the petitioner, Kassy Janikowski, pleaded guilty in Shelby County Criminal Court to second degree murder, a Class A felony. She agreed to and received a sentence of thirty years in confinement with no parole eligibility. The record on appeal does not include the judgment for this conviction.

On January 9, 2008, the petitioner filed a pro se petition for habeas corpus relief in Shelby County Criminal Court. As grounds for relief, the petitioner claimed the following: (1) ineffective assistance of counsel, (2) an involuntary guilty plea, and (3) her sentence was illegal because it was outside the range prescribed for the offense. By order filed July 15, 2008, the habeas court dismissed the petition "because Petitioner . . . failed to state any allegations upon which relief may be granted." The petitioner then filed a timely appeal to this court.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T. C. A. § 29-21-101, et seq. However, the grounds upon which

a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

> In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted).

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

Here, the State asserts that the petitioner did not comply with the procedural requirements under Tennessee Code Annotated section 29-21-107 because her petition does not include a copy of the judgment, an affirmation of the previous adjudication, or an affirmation that the instant application is the first application for habeas corpus relief. Further, the State asserts that the petitioner's claims, even if true, would not render her sentence void. We agree.

After a review of the record and the applicable authorities, we conclude that the petitioner is not entitled to habeas corpus relief and the habeas court's dismissal of the petition was proper. The petitioner failed to include in the record the judgment of her second degree murder conviction or affirm in the petition that her claim of illegality has not been previously adjudicated. See T.C.A. § 29-21-107(b)(2)-(3). In addition, the petitioner did not include an affirmation of whether her

application is the first application for the writ. See T.C.A. § 29-21-107(b)(4). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 260 (citation omitted). A habeas court may summarily dismiss a petition for failure to comply with the procedural requirements. Id. However, even if this court were to address the merits of the petitioner's claims, she is not entitled to relief. See Passarella, 891 S.W.2d at 627 (the effectiveness of the petitioner's counsel is not a matter for habeas proceedings); Archer v. State, 851 S.W.2d 157, 165 (Tenn.1993) (a "challenge to the voluntariness of the pleas does not establish that the convictions based upon those pleas are void, rather than voidable"); Bland v. Dukes, 97 S.W.3d 133, 136 (Tenn. Crim. App. 2002) (a petitioner is not entitled to habeas relief on issues regarding an offender's range classification because the issue is non-jurisdictional and is a proper basis for plea negotiations). Accordingly, the issues are without merit.

In so much as the petitioner argues that her petition should be construed as a petition for post-conviction relief, we further conclude that the habeas court properly determined that it was untimely. See Hill v. State, 111 S.W.3d 579, 580 (Tenn. Crim. App. 2003); see also T.C.A. § 40-30-102(a). Here, the petitioner pled guilty on August 7, 2000, but the petition was not filed until January 9, 2008. Although we cannot glean from the record the date the petitioner's conviction became final, the record shows that the petition was filed well beyond the one-year statute of limitations for post-conviction relief. See T.C.A. § 40-30-102(a). Further, the petitioner did not assert any circumstance that would permit tolling of the statute of limitations. See T.C.A. § 40-30-102(b).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE

-4-