# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 19, 2010

## STEVE WALLACE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-14600     David Bragg, Judge**

---

**No. M2010-00769-CCA-R3-HC - Filed December 15, 2010**

---

The Petitioner, Steve Wallace, appeals the Rutherford County Circuit Court's summary dismissal of his petition for habeas corpus relief attacking his 1986 convictions for second degree burglary and aggravated assault. The Petitioner alleged, among other things, that his judgments of conviction were void because ineffective assistance of trial counsel led him to enter a guilty plea which was not voluntary, knowing, and intelligent.  The habeas corpus court summarily dismissed the petition, finding that the Petitioner had failed to comply with the procedural requirements for seeking habeas corpus relief and, furthermore, that he did not state a cognizable claim for relief.  Following our review of the record and the applicable law, we affirm the order summarily dismissing the petition.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JJ., joined.

Steve Wallace, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; and William Whitesell, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

The Petitioner pleaded guilty to and was convicted of second degree burglary and aggravated assault on May 16, 1986. He received an effective three-year sentence as a Range I, standard offender. His sentence was to be suspended following service of thirty days in jail.

The Petitioner filed a lengthy and rambling petition for a writ of habeas corpus on March 15, 2010. The crux of the Petitioner's argument was that his plea was not voluntary due to trial counsel's failure to investigate the elements of the crimes and trial counsel's persuasion of the Petitioner to enter pleas to the offenses as charged. He stated in his petition that the incident "was nothing more than a domestic matter that was between he and his wife and was extended to his sister-in-law only by the fact that the Petitioner was searching for his wife so he [could] reconcile the problems that led to the earlier disagreement . . . . At no time did a [b]urglary or the [a]ssault ever occur."

In the petition, the Petitioner states that, until recently, he had been in the custody of the State of Kentucky for twenty years. According to the Petitioner, he has now been transferred to federal custody "where he is serving the remainder of his Federal/State concurrent sentences that were imposed more than twenty (20) years ago." The Petitioner avers that the 1986 Tennessee convictions for burglary and aggravated assault are being used to enhance his federal sentence and that he recently became aware of a probation violation warrant filed in the case.

The habeas corpus court summarily dismissed the petition by order filed on March 23, 2010, reasoning that: (1) the Petitioner failed to follow the procedural requirements for seeking habeas corpus relief; (2) if treated as a petition for post-conviction relief, the petition was barred by the statute of limitations; (3) the Petitioner's allegations of ineffective assistance and an involuntary plea are not proper grounds for habeas corpus relief; (4) the Petitioner has alleged no grounds for equitable tolling of the post-conviction statute of limitations; and (5) the Petitioner's request for coram nobis relief is likewise untimely. It is from the order of summary dismissal that the Petitioner appeals.

## Analysis

On appeal, the Petitioner claims that summary dismissal was improper. The crux of his argument is again that he received the ineffective assistance of counsel which rendered his guilty pleas involuntary and unknowing: his attorney failed to investigate the elements of the crimes and improperly persuaded him to plead guilty to the offenses as charged.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

First, we must note that the Petitioner has not provided this Court with any documentation that he is still restrained by this sentence. On August 4, 1986, the Petitioner received a three-year sentence in this case, which was to be suspended following service of thirty days in jail, and the Petitioner was to be placed on probation. He was to report on September 5, 1986. According to the Petitioner, he was thereafter incarcerated by the State of Kentucky beginning on December 27, 1989.

The Petitioner does not make any challenge to the existence of the alleged probation violation warrant, seeking habeas corpus relief instead because the challenged convictions are being used to enhance his federal sentence. It is well-settled that "habeas corpus relief is not available for expired sentences that are used solely to enhance a subsequent conviction." See Paul Wilson v. Stephen Dotson, Warden, No. W2005-02317-CCA-R3-HC, 2006 WL 1205636, at *2 (Tenn. Crim. App., Jackson, May 4, 2006). Indeed, in Hickman v. State, 153 S.W.3d 15, 23 (Tenn. 2004), our supreme court explained as follows:

> [A] person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint on

liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

We can only extrapolate that the Petitioner's purpose of noting that a probation violation warrant was filed in this case was an attempt to argue that he is still restrained of his liberty by his 1986 sentence.[1] He contends that he was not aware of the warrant until August 2009 after being placed in federal custody. According to the Petitioner, service of his federal sentence is consecutive to his three-year Tennessee sentence, and he must first serve his federal sentence. This is implausible because no mention of this federal sentence appears in the judgment forms provided by the Petitioner and the fact that he was given a suspended sentence. Furthermore, the Petitioner alleges that the State of Tennessee lodged a detainer against him in this 1986 Rutherford County case and that he filed his habeas corpus petition within one year of the detainer being lodged. That would indicate that the State of Tennessee filed the detainer between March of 2009 and March 2010, twenty fours years after his conviction. All of these allegations are confusing at best, because they are only bare allegations not supported with any documentation. From the sparse information available from the documentation attached to the petition it is impossible to determine whether the Petitioner is currently restrained of his liberty as a result of the convictions of which he now complains.

Regardless of whether the Petitioner's sentence has expired, we conclude that the Petitioner is not entitled to habeas corpus relief and that the habeas corpus court's summary dismissal of the petition was proper. The Petitioner did not include an affirmation of whether this application was his first application for the writ or whether the legality of the restraint had been adjudged in a prior proceeding. See Tenn. Code Ann. § 29-21-107(b)(3), (4).[2] The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 260 (citation omitted). A habeas court may summarily dismiss a petition for failure to comply with the procedural requirements. Id. However, even if this court were to address the merits of the Petitioner's claim that his plea was not voluntary due to trial counsel's failure to investigate the elements of the crimes and trial

---

[1] The filing of a probation violation warrant tolls the expiration of the suspended sentence. State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) ("If the probation revocation warrant is issued within the term of the sentence, the issuance of the warrant commences the revocation proceedings and thereby interrupts the running of the probationary period 'until such time as the trial court [may] hear and determine the issue raised by the [warrant].'" (quoting McGuire v. State, 292 S.W.2d 190, 193 (Tenn. 1956) (alteration in Shaffer)).

[2] The habeas corpus court also determined that the Petitioner had failed to include copies of the judgment forms in the record. See Tenn. Code Ann. § 29-21-107(b)(2). However, the record on appeal contains copies of the challenged judgments.

counsel's persuasion of the Petitioner to enter pleas to the offenses as charged, he is not entitled to relief because these allegations, even if proven, would render his convictions voidable, not void. See Passarella, 891 S.W.2d at 627 (the effectiveness of the petitioner's counsel is not a matter for habeas proceedings); Archer, 851 S.W.2d at 165 (a "challenge to the voluntariness of the pleas does not establish that the convictions based upon those pleas are void, rather than voidable"). Moreover, evidence of actual innocence is not a ground for habeas corpus relief in Tennessee. Ronald Turks, a/k/a Asad E. Mujihadeen v. State, No. 02C01-9502-CR-00035, 1997 WL 1883, at *3 (Tenn. Crim. App., Jackson, Jan. 3, 1997). Because the petition did not state a cognizable claim for habeas corpus relief, summary dismissal was proper.

A petition for post-conviction relief is the procedural avenue for attacking potentially voidable judgments. Taylor, 995 S.W.2d at 83; State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). Post-conviction petitioners, unlike habeas corpus petitioners, may challenge convictions or sentences that the petitioners assert are either void or voidable because of the abridgment of constitutional rights. Tenn. Code Ann. § 40-30-103; Hickman, 153 S.W.3d at 20. If the petition is construed as a petition for post-conviction relief, we conclude that the habeas corpus court properly determined that it was untimely. See Hill v. State, 111 S.W.3d 579, 580 (Tenn. Crim. App. 2003); see also Tenn. Code Ann. § 40-30-102(a). Here, the Petitioner pleaded guilty on May 16, 1986, judgments were filed on May 23, 1986, and sentences were imposed on August 4, 1986. The Petitioner did not directly appeal his convictions or sentences. It clearly appears that the petition, filed March 15, 2010, was not filed within the one-year statute of limitations. See Tenn. Code Ann. § 40-30-102(a). An examination of the petition and the arguments presented on appeal reveal no facts or grounds under which due process would require that the statute of limitations not be strictly applied to the petition nor any reason supporting any exception to the application of the statute of limitations. See Tenn. Code Ann. § 40-30-102 (b); Williams v. State, 44 S.W.3d 464 (Tenn. 2001); Sands v. State, 903 S.W.2d 297 (Tenn. 1995); Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

If this Court were to treat the petition as one for coram nobis relief as the Petitioner suggests, summary dismissal is likewise appropriate. The statute of limitations for seeking a writ of error coram nobis is one year from the date the judgment becomes final in the trial court. Tenn. Code Ann. § 27-7-103; State v. Mixon, 983 S.W.2d 661, 671 (Tenn. 1999). The statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed, or upon entry of an order disposing of a timely filed, post-trial motion. Mixon, 983 S.W.2d at 670. Trial courts are not required to hold evidentiary hearings when the petition for a writ of error coram nobis fails to meet the necessary prerequisites to file for such relief. State v. Lingerfelt, 687 S.W.2d 294, 295 (Tenn. Crim. App. 1984). This petition does not allege

"new evidence," which was "unavailable" at trial, has "never been evaluated in a hearing," and shows that the defendant is "actually innocent." See Workman v. State, 41 S.W.3d 100, 100 (Tenn. 2001). Thus, we conclude that the trial court properly dismissed the Petitioner's untimely petition for a writ of error coram nobis relief without holding an evidentiary hearing. See Lingerfelt, 687 S.W.2d at 295. The Petitioner is not entitled to relief.

**Conclusion**

For the reasons stated herein, we conclude that the Rutherford County Circuit Court did not err by summarily dismissing the habeas corpus petition. The judgment is affirmed.

_____
DAVID H. WELLES, JUDGE