IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 13, 2017

**STATE OF TENNESSEE v. TRAVIS EUGENE TAYLOR**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2139     Mark J. Fishburn, Judge**

_____

**No. M2017-00302-CCA-R3-CD**

_____

Defendant, Travis Eugene Taylor, pled guilty to voluntary manslaughter and employing a firearm during the commission of a dangerous felony. In exchange for his guilty pleas, he received consecutive sentences of fifteen years for voluntary manslaughter and six years for employing a firearm during the commission of a dangerous felony. Many years later, Defendant sought to set aside the trial court's judgment, arguing that his convictions violated the principles of double jeopardy. Defendant appeals the denial of his motion. Because Defendant's motion fails regardless of how it is construed, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Travis Eugene Taylor, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Glenn Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Nearly ten years ago, Defendant killed Timothy Eugene Morton. Defendant was indicted for one count of first degree murder, three counts of attempted first degree murder, and one count of employing a firearm during the commission of a dangerous felony. On August 14, 2009, Defendant pled guilty to the reduced charge of voluntary manslaughter and employing a firearm during the commission of a dangerous felony. In

exchange for the pleas, Defendant received consecutive sentences of fifteen years for voluntary manslaughter and six years for employing a firearm during the commission of a dangerous felony.

The sparse appellate record contains little information about the facts underlying Defendant's guilty pleas. The only factual background for the pleas in the record comes from a police report attached as an exhibit to Defendant's motion to set aside the trial court's judgment. From this document, it appears that two children witnessed Defendant chase a moving vehicle on foot and fire multiple shots at the vehicle, which was occupied by multiple people. Mr. Morton, one of the occupants of the vehicle, suffered a fatal gunshot wound to the back of the head.

Over seven years after he entered his pleas, Defendant filed a motion to withdraw or correct the plea agreement, arguing that his dual convictions violated double jeopardy principles. The trial court denied this motion on September 28, 2016, stating that Defendant was mistaken in his argument that he could not be convicted of both voluntary manslaughter and employing a firearm during the commission of a dangerous felony. The trial court further noted that Defendant did not allege that his pleas were not knowingly and voluntarily entered and that the statute of limitations for Defendant to withdraw his pleas had run.

At some point, Defendant also filed a document titled "Motion to Set Aside Judgment,"[1] making essentially the same argument that he made in his motion to withdraw or correct his plea agreement. He added the additional arguments that his pleas were unknowingly and unintelligently entered and that the trial court imposed an unlawful sentence. Defendant also claimed to have been paroled on all of his sentences except his six-year sentence for employing a firearm during the commission of a dangerous felony. Defendant never stated when he was granted parole or when his sentence for the offense of employing a firearm during the commission of a dangerous felony began. On January 17, 2017, the trial court denied this motion for the same reasons mentioned above. On February 10, 2017, Defendant filed a timely notice of appeal from the denial of this second motion.

*Analysis*

The Tennessee Rules of Criminal Procedure do not expressly provide for a "motion to set aside judgment" as a procedural mechanism to challenge a conviction or sentence, and no appeal as of right exists for such a motion under Tennessee Rule of Appellate Procedure 3. However, we construe the filings of pro se appellants liberally.

---

[1] The "Motion to Set Aside Judgment" is not file-stamped by the trial court clerk.

*See State v. Shelton Hall*, No. M2012-01622-CCA-R3-CD, 2013 WL 1200266, at *4 (Tenn. Crim. App. Mar. 26, 2013), *no perm. app. filed.* Considering the options available to Defendant over which this Court has jurisdiction to hear the appeal, this motion could be construed as a motion to withdraw a guilty plea under Tennessee Rule of Criminal Procedure 32(f) or a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. Either way, Defendant is not entitled to relief.

If construed as a motion to withdraw a guilty plea, Defendant's motion is untimely. The Tennessee Rules of Criminal Procedure provide for a motion to withdraw a guilty plea either before the sentence is imposed or after the sentence is imposed but before the judgment becomes final. Tenn. R. Crim. P. 32(f). "A trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed." *Hill v. State*, 111 S.W.3d 579, 580 (Tenn. Crim. App. 2003) (citing Tenn. R. App. P. 4(a), (c)). The record contains nothing which would indicate that the judgments did not become final thirty days after their entry on August 14, 2009. The record does not indicate the date upon which Defendant filed his "Motion to Set Aside Judgment." However, the first motion in the appellate record was filed approximately seven years after the judgments in this case became final. From this, we deduce that Defendant's motion is at least seven years too late.

In their appellate briefs, both Defendant and the State refer to Defendant's motion as a motion to correct an illegal sentence under Rule 36.1.[2] However, Defendant does not mention Rule 36.1 in his motion nor does the trial court mention Rule 36.1 in its order denying the motion. If the motion were construed as a Rule 36.1 motion, Defendant's motion fails to present a colorable claim that the unexpired sentence is illegal. Whether a defendant's motion states a colorable claim under Rule. 36.1 is a question of law, which we review de novo. *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). "[F]or purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Only a fatal error will render a sentence illegal. *Wooden*, 478 S.W.3d at 595. Illegal sentences resulting from fatal error include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* Defendant's only argument is that a violation of double

---

[2] In his appellate brief, Defendant states that his Rule 36.1 motion was filed on March 10, 2017, which is one month after the notice of appeal was filed in this case. If there were additional motions filed in the trial court after the notice of appeal, they are not included in the record presently before this Court and are not part of the present appeal.

jeopardy occurred, which is an attack on his underlying convictions, not his sentence. Defendant has not properly presented an argument that his sentence is illegal.  Thus, he has failed to present a colorable claim for the purposes of Rule 36.1.

*Conclusion*

For the aforementioned reasons, we affirm the judgment of the trial court.


_____
TIMOTHY L. EASTER, JUDGE