IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2018

## STATE OF TENNESSEE v. AMANDA BETH MARCY

**Appeal from the Criminal Court for Putnam County**
**No. 2016-CR-67B   David A. Patterson, Judge**

_____

### No. M2018-00540-CCA-R3-CD

_____

Defendant, Amanda Beth Marcy, appeals from the denial of her "Motion to Amend Revocation Order" in which she argued that the trial court failed to award her credit for time served on Community Corrections when her probation was revoked. For a multitude of reasons, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Amanda Beth Marcy, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

From the sparse record, we have gleaned that Defendant was indicted in April of 2016 by the Putnam County Grand Jury for one count of initiation of a process intended to result in the manufacture of methamphetamine. On October 28 of that same year, Defendant pled guilty as charged in exchange for a sentence of "8 years TDOC probation, $2,000 fine, A+D assessment follow recommendation." The plea agreement indicated that Defendant would receive jail credit for the following dates: "5/17/16-5/25/16; 10/12/16-present." On November 2, 2016, a judgment was entered reflecting pretrial jail credit from "5/17/2016 to 5/25/2016" and from "10/12/2016 to 10/28/2016." The judgment indicated that the eight-year sentence to "TDOC" would be suspended and served on supervised probation.

On January 20, 2017, a "Revocation Order" was entered by the trial court. Neither the reason for the violation nor a transcript of a hearing appear in the record on appeal. As a result of that order, Defendant's probation was partially revoked. A box on the revocation order next to the words "Transfer to Community Corrections Program" contains an "X." The revocation order awards "[c]redit for time served" in the county jail from "11/23/16 to 1/17/17" and indicates in the special conditions section that Defendant should "[s]erve 90 days and transfer to Community Corrections." The record does not indicate that Defendant appealed this partial revocation.

A second "Revocation Order" appears in the record. Again, the reason for the revocation is not clear from the record. This order, entered on October 17, 2017, indicates "Full Revocation" and "Community Corrections Revoked 10/16/17." According to the order, Defendant was to receive jail credit from "7/14/17 to 10/16/17." Defendant did not appeal from the revocation of her suspended sentence.

On February 28, 2018, Defendant, acting pro se, filed a "Motion to Amend Revocation Order" seeking an award of "time served on Community Corrections." In the motion, Defendant alleged that she served a total of 329 days on Community Corrections and/or in the county jail before she was "revoked to serve on October 16, 2017." As a result, Defendant asked the trial court to give her jail credit for those 329 days "toward her sentence."

On March 1, 2018, the trial court entered an order denying the motion for "jail credit for the time that she was supervised by Community Corrections" because her probated sentence was "TDOC probation to be supervised by the Community Corrections Program." Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court erred by denying her request for jail credits for time she served on Community Corrections from January 17, 2017, until she was revoked on October 17, 2017, a total of 274 days. Additionally, Defendant argues that she is entitled to 55 days that she spent "incarcerated awaiting the revocations," for a total of 329 days. The State argues that Defendant has no right to appeal under either Tennessee Rule of Appellate Procedure 3(b) or Tennessee Rule of Criminal Procedure 36.1; that the Department of Correction is the only entity with the power to calculate post-judgment jail credit; and/or that Defendant was not entitled to the credit because she was originally sentenced to probation and her time on Community Corrections was a suspension of service of that sentence.

To begin, we note that the Tennessee Rules of Criminal Procedure do not expressly provide for a "motion to amend revocation" as a procedural mechanism to seek review of a trial court's revocation of probation, and no appeal as of right exists from such a motion under Tennessee Rule of Appellate Procedure 3. Rule 3(b) contemplates an appeal as of right from a judgment of conviction, from an order denying or revoking probation, or "from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). However, we construe the filings of pro se litigants liberally. *See State v. Shelton Hall*, No. M2012-01622-CCA-R3-CD, 2013 WL 1200266, at *4 (Tenn. Crim. App. Mar. 26, 2013), *no perm. app. filed*.

Regardless of how we construe Defendant's motion, as a general rule, "a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed." *Hill v. State*, 111 S.W.3d 579, 580 (Tenn. Crim. App. 2003) (citing Tenn. R. App. P. 4(a), (c)). Once the thirty-day period has expired, the trial court generally loses jurisdiction and does not have the authority to amend its judgment. *State v. Stephen Ray Stamps*, No. W1999-01716-CCA-R3-CD, 2000 WL 546178, at *1 (Tenn. Crim. App. May 4, 2000) (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)). The motion to amend the revocation order in this case was filed on February 28, 2018, 134 days after the entry of the order revoking Defendant's Community Corrections sentence. Thus, the trial court lacked jurisdiction to consider the motion. "A court may not create jurisdiction over a matter where none exists." *Rodney Welch v. State*, No. W2008-01179-CCA-R3-PC, 2009 WL 1741394, at *2 (Tenn. Crim. App. June 15, 2009), *no perm. app. filed*.

Moreover, Defendant's motion could not be considered a motion to reduce a sentence under Tennessee Rule of Criminal Procedure 35 as it was not filed within 120 days of the imposition of the sentence. *See* Tenn. R. Crim. P. 35(a) (stating that "[n]o extensions shall be allowed on the time limitation" and "[n]o other actions toll the running of this time limitation"). Consequently, the trial court did not have jurisdiction to consider the motion under Rule 35.

Additionally, Defendant would not be entitled to relief under Rule 36. She is not alleging a clerical error in the judgment that would entitle her to relief.

Even if we were to construe Defendant's motion as a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1, which may be filed any time before the sentence expires, she would not be entitled to relief because she does not present a colorable claim that her unexpired sentence is illegal. *See* Tenn. R. Crim. P. 36.1(a), (b). Whether a defendant's motion states a colorable claim under Rule 36.1 is a question of law, which we review de novo. *State v. Wooden*, 478 S.W.3d 585, 593

(Tenn. 2015). Defendant has not properly presented an argument that her sentence is illegal. In fact, Defendant specifically notes in her docketing statement for this court, that this is "not [a] 36.1."

Additionally, the responsibility for the calculation of post-judgment jail credit is statutorily placed with the Tennessee Department of Correction. T.C.A. §§ 40-28-129, 40-35-501(r). Therefore, the "proper avenue to address post-judgment jail credit for prisoners is through the [Department of Correction] administratively." *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012).

Finally, this Court has repeatedly held that a probationer placed in the Community Corrections program as a condition of probation is not entitled to earn jail credit for time spent under the supervision of the Community Corrections Program. *See, e.g.*, *State v. Kendra Mahan*, No. M2014-02534-CCA-R3-CD, at *1 (Tenn. Crim. App. Nov. 19, 2015) (citing *State v. Kelly Ruth Osteen*, No. M2012-02327-CCA-R3-CD, 2013 WL 3968196, at *5 (Tenn. Crim. App. Aug. 1, 2013), *no perm. app. filed*; *State v. Christopher Schurman*, No. M2011-01460-CCA-R3-CD, 2012 WL 1657057, at *2 (Tenn. Crim. App. May 10, 2012), *no perm. app. filed*; *State v. James Ray Bartlett*, No. M2002-01868-CCA-R3-CD, 2004 WL 1372847, at *2 (Tenn. Crim. App. June 16, 2004), *perm. app. denied* (Tenn. Nov. 15, 2004); *State v. Bruce Cole*, No. 02C01-9708-CC-00324, 1998 WL 305375, at *2 (Tenn. Crim. App. June 11, 1998)), *no perm app. filed*. Defendant in this case was indeed a probationer placed on Community Corrections as a condition of probation. Consequently, even if Defendant's appeal was properly before this Court, she would not be entitled to relief.

For the foregoing reasons, the appeal is dismissed.

_____
TIMOTHY L. EASTER, JUDGE