IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs October 16, 2018

**STATE OF TENNESSEE v. EDWARD DEWAYNE SHELTON, JR.**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-854      Mark J. Fishburn, Judge**

**No. M2018-00319-CCA-R3-CD**

The Appellant, Edward Dewayne Shelton, Jr., appeals as of right from the Davidson County Criminal Court's summary denial of his "motion to dismiss the indictment and motion to withdraw guilty plea and motion to correct illegal sentence." The Appellant contends (1) that his motion to withdraw his guilty plea was timely filed because there was no file-stamp date on the judgment form; (2) that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of his trial counsel; (3) that the charging indictment was void because it "was only signed by the foreman of the grand jury"; and (4) that his sentence was illegal because he was classified as a Range II, multiple offender rather than a Range I, standard offender. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT H. MONTGOMERY, JR., JJ., joined.

Edward Dewayne Shelton, Jr., Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Glenn R. Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2009, the Appellant was indicted for one count of first degree felony murder, one count of first degree premeditated murder, two counts of attempted first degree murder, three counts of attempted especially aggravated robbery, and one count of aggravated assault. On January 29, 2010, the Appellant entered a plea agreement with the State. The Appellant agreed to plead guilty to second degree murder and receive a

sentence of thirty-five years as a Range II, multiple offender. In exchange, the State dismissed all of the remaining charges. The Appellant's judgment form was dated January 29, 2010, but it was not file stamped by the court clerk. The judgment form also noted that the Appellant "waive[d] range of punishment under" Hicks v. State, 945 S.W.2d 706 (Tenn. 1997).

On December 22, 2017, the Appellant filed the instant motion. The Appellant contended that the motion was timely because there was no file-stamp date on the judgment form; therefore, his judgment of conviction had never been entered by the court clerk. The Appellant also contended that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of his trial counsel. Specifically, the Appellant argued that trial counsel was ineffective for advising him to accept a sentence as a Range II, multiple offender when he did not "have any prior convictions to qualif[y] him as a multiple offender." The Appellant further contended that the indictment against him was void because it "was only signed by the foreman of the grand jury" and not all of the grand jurors.

On January 29, 2018, the trial court entered a written order summarily denying the Appellant's motion. The trial court concluded that the Appellant's motion was untimely. The trial court noted that there was no file-stamp date on the judgment form. However, "[t]here was a minute entry entered and signed on January 29, 2010, reflecting [the Appellant's] plea in this matter." The trial court concluded that the Appellant's conviction became final thirty days "after that date" on March 1, 2010. The Appellant now appeals to this court. The Appellant raises the same arguments on appeal as those in his motion.

A motion to withdraw a guilty plea must be filed before the judgment becomes final. Tenn. R. Crim. P. 32(f). "A trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed." Hill v. State, 111 S.W.3d 579, 580 (Tenn. Crim. App. 2003). The judgment of conviction "shall be signed by the judge and entered by the clerk." Tenn. R. Crim. P. 32(e)(1). The failure to comply with Rule 32(e) "amounts to a clerical error" and "does not require a conviction to be set aside." State v. Gary Carr, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017).

"[T]he file-stamped date is significant for the sole purpose of determining the timeliness of certain filings such as a motion for new trial." Carr, 2017 WL 2493687, at *2. The Appellant argues that his motion to withdraw his guilty plea was timely because there was no file-stamp date on the judgment form even though his motion was filed almost eight years after the plea submission hearing. The Appellant in his motion and brief states he received a copy of the judgment form from the clerk's office. The judgment form was also included in the appellate record. As such, "we presume at some

point [the judgment form was] received by the clerk's office but not properly file-stamped." Id. Furthermore, the trial court "determined that the judgment form was entered on the record and into the minutes of the court" on January 29, 2010. Id. Accordingly, we conclude that the trial court did not err in finding that the judgment became final on March 1, 2010, and that the Appellant's motion was untimely.

The Appellant's claim that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of his trial counsel appears to be a request for post-conviction relief. Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). As noted above, the Appellant's judgment became final on March 1, 2010, almost eight years before his motion was filed.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Post-Conviction Procedure Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Appellant alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). However, the Appellant has not alleged that any of the circumstances our supreme court has identified as requiring tolling of the post-conviction statute of limitations apply to his case. See id. at 623-24. Accordingly, we conclude that the Appellant's claim of ineffective assistance of trial counsel is time-barred.

The Appellant also contends that the charging indictment was void because it "was only signed by the foreman of the grand jury" and not all of the grand jurors. The Appellant cites to Tennessee Code Annotated section 40-13-105 to support his argument. However, section 40-13-105 provides that an indictment "cannot be found without the concurrence of at least twelve . . . grand jurors." When at least twelve grand jurors

concur, the indictment "shall be endorsed a 'true bill,' and the endorsement signed by the foreman." Tenn. Code Ann. § 40-35-105. Section 40-13-105 requires only the signature of the grand jury foreperson and not the signatures of all of the grand jurors. Here, the indictment was endorsed a "true bill" and signed by the foreperson of the grand jury. As such, there was no defect in the indictment.

The Appellant additionally contends that his sentence was illegal because he was classified as a Range II, multiple offender rather than a Range I, standard offender. Rule 36.1 provides that either the defendant or the State "may seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1(a)(1). An "illegal sentence" is defined in the rule as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds, Moody v. State, 160 S.W.3d 512 (Tenn. 2005).

"[F]ew sentencing errors [will] render [a sentence] illegal." State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Id. Conversely, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" will not rise to the level of an illegal sentence. Id.

Generally, a trial court's error "in offender classification" will not "render the sentence illegal so long as the classification falls with the purview of the Sentencing Act." Cantrell v. Easterling, 346 S.W.3d 445, 458 (Tenn. 2011). The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category not available under the Sentencing Act. Id. at 458-59. Put another way, an offender classification would create an illegal sentence only if the trial court classified the defendant in a category for which it did "not have the authority or the jurisdiction to classify a defendant." Id. at 458. Otherwise, "[c]orrection of an alleged error in offender classification must be sought on direct appeal." Id.

Furthermore, our courts have long recognized "the ability of the State and defendants to use offender classification and release eligibility as subjects of plea bargain negotiations" which "are properly characterized as non-jurisdictional." McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). That appears to be just what occurred here as the Appellant was charged with eight counts, including two counts of first degree murder and two counts of attempted first degree murder. The Appellant pled guilty to second

degree murder with a sentence of thirty-five years as a Range II, multiple offender and the State dismissed all of the other charges. As such, we conclude that the Appellant failed to present a colorable claim that his sentence was illegal.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

                           _____

                           D. KELLY THOMAS, JR., JUDGE