FILED

10/31/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 27, 2019

**STATE OF TENNESSEE v. KENNETH R. BOYD**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC3-2015-CR-5      Jill Bartee Ayers, Judge**

_____

**No. M2019-00301-CCA-R3-CD**

_____

Defendant, Kenneth R. Boyd, appeals from the trial court's denial of his motion requesting additional pre-trial jail credits.  The State responds that the appeal should be dismissed because it was untimely filed and that the sentence is legal.  Because Defendant has failed to state a colorable claim for relief, we affirm the trial court's denial of the motion and the denial of additional pre-trial jail credits.  However, we remand the matter to the trial court for correction of a clerical error on the corrected judgment form for Count Three.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER., JJ., joined.

Kenneth R. Boyd, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and John E. Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

From what we can gather from the limited record before this Court, Defendant pled guilty to several drug-related charges in Sumner County in 2011. Subsequently, on

December 17, 2014, Defendant had his eight-year Community Corrections sentence revoked. On January 22, 2015, the Robertson County Grand Jury issued a sealed indictment charging Defendant with two counts of sale or delivery of a Schedule II controlled substance and one count of sale or delivery of a Schedule II controlled substance within a Drug Free School Zone. A capias for Defendant's arrest was issued on January 28, 2015, but it appears that he was not arraigned on these charges until April 15, 2016. On July 29, 2016, Defendant entered a guilty plea to three counts of sale or delivery of a controlled substance and was sentenced as a Range II, multiple offender to serve eight years on each count, to be run concurrently with each other and with "[a]ny other sentence [D]efendant is currently serving." Defendant received pre-trial jail credits from April 15, 2016, through July 29, 2016. On August 16, 2017,[1] corrected judgment forms were entered for the Robertson County convictions, specifying that they were to run concurrently with the Sumner County case.[2]

On November 7, 2018, Defendant filed a motion to receive pre-trial jail credits on his Robertson County sentences. Defendant asserted that he had been in the custody of either Sumner County or Tennessee Department of Correction continuously since November 19, 2014, and that time prior to his arraignment on the Robertson County charges should be credited toward his Robertson County sentences. Defendant filed amended motions raising the same claim on November 8 and 21, 2018. On December 17, 2018, Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that his eight-year sentence was illegal because he did not have sufficient prior convictions to qualify as a Range II offender. On January 3, 2019, the trial court entered a handwritten order denying both of Defendant's motions. Defendant filed motions for reconsideration on January 10 and 14, 2019, which were denied by the trial court on January 15, 2019. The trial court then entered a typewritten order on January 18, 2019, stating that Defendant's motion for jail credits that came to be heard on January 3, 2019,[3] was denied. Defendant filed a notice of appeal with the trial court on January 31, 2019. After receiving notice from the trial court that the notice of appeal should be filed in the appellate court, Defendant then filed a notice of appeal with this Court on February 14, 2019.

---

[1] Defendant also refers to amended judgments that were entered on August 26, 2016, in response to a Tennessee Rule of Criminal Procedure 35 motion for reduction of sentence, but neither those judgments nor the motion appear in the record before this Court.

[2] On the original judgment form for Count Three, there is a handwritten correction deleting the School Zone enhancement and marking the conviction offense as a Class C felony. However, those handwritten notations no longer appear on the corrected judgment form for Count Three, which indicates that Defendant was convicted of the Class B felony School Zone offense even though the sentence remained eight years.

[3] There is no transcript of any hearing in the record.

*Analysis*

## I. Timeliness

As an initial matter, the State asserts that Defendant's notice of appeal from the trial court's January 3 order was untimely filed in this Court and that the appeal should be dismissed. Tennessee Rule of Appellate Procedure 4 states that an appeal as of right shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from. While the timeliness of the notice of appeal is not jurisdictional in criminal cases, it may only be waived in the interests of justice. Tenn. R. App. P. 4(a); *see State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (noting that "[w]aiver is not automatic"). "In determining whether waiver is appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005), *no perm. app. filed*.

The trial court initially denied Defendant's motion for jail credits on January 3, 2019. Defendant's subsequent motions for reconsideration did not toll the thirty-day limit to file his notice of appeal, as the Tennessee Rules of Criminal Procedure do not recognize a motion to reconsider, *see State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003), and Tennessee Rule of Appellate Procedure 3(b) does not provide for an appeal as of right from the denial of a motion to reconsider. However, the trial court subsequently entered an order on January 18, 2019, that appears to address Defendant's original motion. The notice of appeal filed in this Court on February 14, 2019, would be untimely with respect to the January 3 order but timely with respect to the January 18 order. However, Defendant initially filed his notice of appeal with the trial court on January 31, 2019, which would be timely with respect to either order. Given the confusion in the record and Defendant's effort to file his notice of appeal, we will waive the timeliness requirement in the interest of justice.

## II. Jail Credits

On appeal,[4] Defendant argues that he is due pre-trial jail credits from the time he received notice of the pending Robertson County charges in December 2014[5] through his

---

[4] Defendant has abandoned his claim under Rule 36.1 that his eight-year sentence as a Range II offender is illegal. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009) (holding that claims raised in the trial court but not raised in the appellate brief are deemed abandoned), *perm. app. denied* (Tenn. Apr. 16, 2010).

first appearance on those charges, which seems to be on April 15, 2016, as he was incarcerated in Sumner County during that time.[6] The State responds that the denial of jail credits does not make a sentence illegal.

We note that the Tennessee Rules of Criminal Procedure do not expressly provide for a "Motion to Receive Jail Credits" as a procedural mechanism to seek review of a trial court's judgment. However, "[i]t is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995). Moreover, we construe the filings of pro se litigants liberally. *See Gable v. State*, 836 S.W.2d 558, 559-60 (Tenn. 1992); *State v. Shelton Hall*, No. M2012-01622-CCA-R3-CD, 2013 WL 1200266, at *4 (Tenn. Crim. App. Mar. 26, 2013), *no perm. app. filed*.

As the Tennessee Supreme Court has explained, sentencing errors fall into three general categories – clerical errors, appealable errors, and fatal errors. *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015). Clerical errors arise from a mistake in filling out the uniform judgment document and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. *Id*. Appealable errors are those for which a right of direct appeal is provided by the Sentencing Act. *Id*. They generally involve the methodology the trial court used to impose a sentence. Fatal errors include only errors that are "so profound as to render the sentence illegal and void." *Id*. The Supreme Court has defined an illegal sentence as one which is "in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity." *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). An illegal sentence may be corrected at any time prior to the expiration of the sentence under Tennessee Rule of Criminal Procedure 36.1. *Brown*, 479 S.W.3d at 211.

Tennessee Code Annotated section 40-23-101 provides, in pertinent part, that the trial court shall "allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail . . ., or county jail or workhouse, pending arraignment and trial." T.C.A. § 40-23-101(c). "The purpose of the statute was to provide jail time credit prior and subsequently to conviction for indigents

---

[5] The technical record contains nothing about the pending Robertson County charges from December 2014. The only documentation is the true bill dated January 22, 2015, and the sealed Capias issued on January 28, 2015.

[6] The only document that references this in the technical record is a letter from Defendant's attorney addressed to the District Attorney General dated March 11, 2016. It states that Defendant was granted parole in Sumner County in December 2015, but it was rescinded due to the unserved indictment in Robertson County. The technical record contains no other documentation stating Defendant was being held on Robertson County charges.

unable to make bond." *State v. Abernathy*, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Trigg v. State*, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). However, "a trial court's failure to award pre-trial credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *Brown*, 479 S.W.3d at 213. Defendant did not claim that the trial court made a clerical error under Rule 36 in that it meant to award credits but made a mistake in filling out the judgment form. Therefore, any error was an appealable error. *See Brown*, 479 S.W.3d at 212.

Tennessee Rule of Appellate Procedure 4 states that an appeal as of right shall be filed with the clerk of the appellate court within thirty days after the date of entry of the judgment appealed from. As a general rule, "a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed." *Hill v. State*, 111 S.W.3d 579, 580 (Tenn. Crim. App. 2003) (citing Tenn. R. App. P. 4(a), (c)). Once the thirty-day period has expired, the trial court generally loses jurisdiction and does not have the authority to amend its judgment. *State v. Stephen Ray Stamps*, No. W1999-01716-CCA-R3-CD, 2000 WL 546178, at *1 (Tenn. Crim. App. May 4, 2000) (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)), *no perm. app. filed*. "A court may not create jurisdiction over a matter where none exists." *Rodney Welch v. State*, No. W2008-01179-CCA-R3-PC, 2009 WL 1741394, at *2 (Tenn. Crim. App. June 15, 2009), *no perm. app. filed*. Defendant did not file a notice of appeal after he pled guilty or after the trial court entered the corrected judgments. After thirty days, the judgments became final, and the trial court lost jurisdiction to amend the judgments outside of Tennessee Rule of Criminal Procedure 36 or 36.1. *Pendergrass*, 937 S.W.2d 834 at 837.

Moreover, it does not appear that Defendant is entitled to any additional jail credits on his Robertson County convictions. Defendant received pre-trial jail credits on the Robertson County conviction from his first appearance on April 15, 2016, through his sentencing on July 29, 2016. Defendant's previous incarceration was the result of his Sumner County charges and did not "arise[] out of" his Robertson County offenses. *See State v. Mark Green*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960 at *3 (Tenn. Crim. App. July 16, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014). Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court. However, we remand the case to the trial court to correct the clerical error on the corrected judgment

- 5 -

form for Count Three, which indicates that Defendant was convicted of the Class B School Zone offense rather than the Class C offense indicated on the guilty plea petition.

_____
TIMOTHY L. EASTER, JUDGE