**STATE of Tennessee, Appellee,**

v.

**Johnny Lee MUSE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 18, 1982.

Permission to Appeal Dismissed by Supreme Court July 18, 1982.

Joe B. Jones, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. and Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, John Fowlkes, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

DWYER, Judge.

This appeal of right flows from a conviction for committing the offense of voluntary manslaughter with punishment of confinement for not less than four nor more than ten years. For carrying a pistol with intent to go armed his punishment was fixed at a fine of $50 and confinement for eleven months and twenty-nine days. His punishment on the pistol charge was enhanced, T.C.A. § 39-4921, to confinement for not less than one year nor more than three years. The sentences were ordered by the trial court to be served consecutively.

The issues:

1. Whether the defendant has waived any alleged error relating to the use of his prior conviction for possession of a sawed-off shotgun to impeach his testimony since there is no contemporaneous objection to this evidence and the issue was not raised in the motion for a new trial;

2. Whether the trial court erred in refusing to hear defendant's *pro se* motions when said motions were filed at a time when defendant was represented by counsel and when the motions were not filed in accordance with Tennessee Rules of Criminal

Procedure 12 nor in compliance with the local rules of the trial court;

3. Whether the trial court erred in admitting the dying declaration of the victim;

4. Whether the evidence is sufficient to support the jury's verdicts.

■ The first issue: prior conviction admission. With appellant's development on direct examination of his prior conviction for possession of a sawed-off shotgun, plus no contemporaneous objection at trial nor statement of the issue in the motion for new trial, *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn.Cr.App.1980); T.R.A.P. 3(e), 36(a), we find that there is no merit in this issue.

■ The second issue: *pro se* motions. The appellant was arraigned on June 27, 1980, with counsel appointed at that time. The *pro se* motions were filed on October 16, 1980. The trial court held that the pre-trial motions under the rules of court were required to be filed within 20 days from the arraignment date. Appellant neither filed within the 20 days nor applied for an extension of that time. Tenn.R.Crim.P. 12(c)(f)

Further, the appellant was represented by counsel at the time he filed his *pro se* motions. He cannot represent himself and have counsel. *State v. Burkhart*, 541 S.W.2d 365 (Tenn.1976). There is no merit in this issue and it is overruled.

■ The third issue: dying declaration admission. When the city police officer arrived on the scene, he found the decedent on the sidewalk bleeding profusely. The officer testified that the victim's eyes would fix, glaze over, and his breathing would stop, requiring that he be shaken back into consciousness. When the officer inquired what happened, the victim replied, "The m_____ f_____ robbed me." The officer further related that during another conscious episode the victim tried to get up and said, "I'm scared, man, I'm scared."

While the victim did not literally state that he was aware of his impending death [See *Hawkins v. State*, 220 Tenn. 383, 417 S.W.2d 774 (1967)], specific words are not required under the circumstances here. The statement was relevant for it struck at the heart of appellant's self-defense theory. The trial court did not err in allowing the statement into evidence. See *State v. Branam*, 604 S.W.2d 892 (Tenn.Cr.App.1980). The issue is overruled.

■ The fourth issue: evidence sufficiency. On the early afternoon of March 12, 1980, the decedent Rufus Buckley and the appellant were observed walking south on Manassas Street in the City of Memphis. At the intersection of Poplar and Manassas two Shelby County deputy sheriffs were in a van that had stopped at the intersection of Poplar and Manassas. They heard a shot, looked and saw the appellant with two pistols in his hands standing over Rufus Buckley who was on the sidewalk. After they exited the van one officer observed appellant kicking the prostrate Buckley. The deputies took .22 and .38 caliber revolvers from appellant and placed him under arrest. When the city police arrived appellant was surrendered to their custody. The decedent Buckley was bleeding profusely from a .38 caliber wound that entered his left chest area and exited out the right, lower part of his back. A .38 smashed slug was found on the sidewalk. The wound was the cause of Mr. Buckley's death.

The appellant testified that he had, by chance, met Mr. Buckley shortly before the slaying; that they had walked and talked several blocks on Manassas Street. When they got to Poplar Street he related Buckley pulled a pistol on him and told him as the gun misfired several times that "he was through". The appellant then related they scuffled, with the gun going off and Buckley falling to the pavement; that he found the two pistols on the sidewalk and that they were not his. The doctor who performed the autopsy on Mr. Buckley related as a State's witness that no powder burns were found about the wound on decedent; that in order for there to be powder burns the pistol would have had to have been within twenty-four inches of the wound.

We, of course, review the evidence on appeal in the strongest legitimate light to the theory of the State, *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978). The jury by its verdict rejected appellant's theory of self-defense. We are in accord and see no reason to interfere with that finding. The evidence, as narrated, supports the voluntary manslaughter conviction. With the appellant having been convicted of three prior felonies (robbery), the evidence supports the enhanced punishment for carrying a pistol. The evidence issue is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and TATUM, JJ., concur.