810 F.2d 204
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman VITATOE, Petitioner-Appellant,
v.
Otie R. JONES, Warden, Respondent-Appellee.
 No. 85-5669.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 Before MARTIN, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Herman Vitatoe appeals the denial of his habeas corpus petition. Vitatoe was convicted in Tennessee state court of first degree murder in 1980 and sentenced to life in prison. The Tennessee Court of Criminal Appeals affirmed Vitatoe's conviction and the Tennessee Supreme Court denied leave to appeal. Vitatoe was refused post-conviction relief in the state courts.
 
 
 2
 Vitatoe's petition for a writ of habeas corpus claims three constitutional errors: (1) insufficient evidence to sustain the jury's verdict; (2) ineffective assistance of counsel; and (3) prejudicial voir dire on the death penalty. The district court found Vitatoe's first and second claims to be without merit. As to the claim of prejudicial voir dire, the court ruled that Vitatoe's claim was waived by his failure to raise the issue in his direct appeal to the Tennessee Supreme Court or in state post-conviction proceedings. The court further held that because Vitatoe had not shown cause or prejudice for the waiver, federal review of the issue was foreclosed. We address these issues seriatim.
 
 I.
 Ineffective Assistance of Counsel
 
 3
 Petitioner's first assignment of error is that he was denied effective assistance of counsel. Specifically, he alleges inadequate pretrial preparation, inadequate discovery, failure to present a self-defense claim or testimony bearing on his state of mind, failure to object to evidence presented, the cross-examination of petitioner, and the jury instructions.
 
 
 4
 The United States Supreme Court has recently stated the definitive test for claims of ineffective assistance of counsel. The Court held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). In analyzing such a claim, the Court in Strickland identified a two-step inquiry.
 
 
 5
 First, the defendant must show that counsel's performance was so deficient that it resulted in a violation of his sixth amendment rights. Id. at 687. The Court adopted a "reasonably effective assistance" standard, identifying "basic duties" of a criminal defense attorney, but warning that the evaluation must be made in a highly deferential manner in view of all the circumstances of the case. Id. at 688-89.
 
 
 6
 Second, the defendant must show actual prejudice, i.e., errors so serious that they resulted in the deprivation of his right to a fair trial. Id. at 687. In satisfying this second prong, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Since the petitioner must satisfy both of these inquiries, the inquiries may be made in any order, and a finding of insufficient prejudice will make unnecessary any finding on the performance component of an ineffectiveness claim. Id. at 697.
 
 
 7
 After a review of the record as well as the testimony presented by petitioner's attorney at his post-conviction hearing, we conclude that Vitatoe has failed to demonstrate either deficient performance or resulting prejudice. His attorney's decision not to present the self-defense claim or testimony bearing on petitioner's state of mind was based on a reasonable assessment of success of the claim in light of the lack of supporting facts as well as the danger of waiving petitioner's doctor-patient privilege. Petitioner's other claims of ineffective assistance also involve tactical decisions made by his counsel. Tactical decisions as well as decisions involving the presentation of witnesses are entrusted exclusively to the judgment of the trial attorney. Beasley v. United States, 491 F.2d 687, 696 (6th Cir.1974). Petitioner has failed to establish that any acts or omissions on the part of his attorney fell "outside of the wide range of professionally competent assistance," and therefore his claim of ineffective assistance of counsel is without merit.
 
 II.
 Insufficient Evidence
 
 8
 Upon a review of the record, we find ample evidence from which a jury could find Vitatoe guilty of the crime charged. A defendant claiming insufficiency of the evidence "bears a very heavy burden." United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.1986) (citing United States v. Soto, 716 F.2d 989, 991 (2d Cir.1983)).
 
 
 9
 In determining whether a state court fairly supports a finding of guilt in a criminal proceeding, the habeas corpus court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The "essential elements of the crime" are to be determined by reference to state law. 443 U.S. at 324-325.[1]
 
 
 10
 The petitioner claims, based primarily on his own testimony, that the state failed to present sufficient proof of the element of premeditation which is an essential element of the crime of murder in the first degree. Tenn.Code Ann. § 39-2-202(a). The state's proof, however, included eyewitness testimony that the petitioner started shooting at the victim as the petitioner drove into the church parking lot, and that when the victim tried to run away the petitioner chased him in his truck and continued shooting. There was also evidence that the petitioner calmly returned to his home after the shooting, "just like nothing had ever happened."
 
 
 11
 As a matter of Tennessee law, both multiple gunshots and the petitioner's calmness after the shooting are circumstances from which a jury may infer the element of premeditation. State v. Adkins, 653 S.W.2d 708, 713 (Tenn.1983); Sneed v. State, 546 S.W.2d 254, 258 (Tenn.Crim.App.1976). Viewing the evidence in the light most favorable to the state, therefore, it is clear that some rational trier of fact could have found the essential element of premeditation beyond a reasonable doubt, and habeas corpus relief was properly denied.
 
 III.
 Prejudicial Voir Dire on the Death Penalty
 
 12
 At Vitatoe's trial for first degree murder, jurors were asked their opinions on the death penalty and excluded if they were opposed. Vitatoe argues that this process resulted in a jury that was more "guilty prone" and "prosecution oriented" and had the effect of denying him a trial before an impartial jury comprised of a fair cross-section of the community.
 
 
 13
 The state argues that Vitatoe is procedurally barred from raising the "death qualification" issue for two reasons. First, as noted by the Court of Criminal Appeals on direct appeal, Vitatoe failed to include in the record a transcript of the jury selection. Tennessee law requires that whenever the jury selection process is attacked, the record "include the portion of the voir dire which is at issue." Underwood v. State, 604 S.W.2d 875, 878 (Tenn.Crim.App.1979).
 
 
 14
 Second, and the default relied on by the district court, Vitatoe's lawyers failed to raise the issue before the Tennessee Supreme Court. Vitatoe raised the claim in his pro se petition to the supreme court but an application filed by his lawyers at a later date did not. Tennessee law cited by the state does not support the state's assertion that the supreme court is barred from considering a petitioner's pro se application if papers are subsequently filed by his lawyers. State v. Burkhart, 541 S.W.2d 365 (Tenn.1976) (defendant does not have a constitutional right under Tennessee Constitution to both represent himself and be represented by counsel) and State v. Muse, 637 S.W.2d 468 (Tenn.Crim.App.1982) (no error for trial court to refuse to consider pro se motions filed in violation of time requirements and when defendant was also represented by counsel). Therefore, we find procedural default based on Vitatoe's failure to include the transcript of jury selection on direct appeal to the Court of Criminal Appeals.
 
 
 15
 In order to overcome the ruling of procedural default, Vitatoe must show cause for the default and actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Vitatoe argues he is relieved from addressing this issue because the "cause and prejudice" test does not apply where state appellate courts have not explicitly relied on a procedural default in denying relief. While it is unclear from the Tennessee Supreme Court's curt denial of leave to appeal whether the decision was based on procedural default or on the merits, the Tennessee Court of Criminal Appeals explicitly rejected Vitatoe's claim because of a procedural default. Therefore, the district court correctly refused to consider Vitatoe's claim of prejudicial voir dire because he failed to show "cause and prejudice" as required by Wainwright.
 
 
 16
 Vitatoe also argues, in the alternative, that "cause" may be established by the failure of his attorney to preserve the voir dire issue for appeal. In this context, we note that the recent Supreme Court case of Murray v. Carrier, --- U.S. ---, 106 S.Ct. 2639 (1986), specifically held that, in the absence of a showing of ineffective assistance of counsel under Strickland, "cause" cannot be established by mere inadvertence or ignorance resulting in a procedural default. The Court explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. at 2646 (emphasis added). The record fails to establish any acts or omissions on the part of Vitatoe's attorney which fall outside the range of competency set forth under Strickland, and petitioner has therefore failed to establish "cause" as required by Wainwright.
 
 
 17
 Finally, we observe that Vitatoe is also unable to demonstrate actual prejudice in light of the Supreme Court's decision in Lockhart v. McCree, --- U.S. ---, 106 S.Ct. 1758 (1986). There the Court held that death qualification of a jury prior to the guilt phase of a bifurcated trial does not violate either the fair cross-section or the impartiality requirements of the Constitution. The Court approved of death qualification as being "carefully designed to serve the State's concededly legitimate interest in obtaining a single jury that can properly and impartially apply the law to the facts of the case at both the guilt and sentencing phases of a capital trial." Id. at 1766 (footnote omitted). Therefore, the district court correctly refused to consider Vitatoe's claim of prejudicial voir dire because he failed to show either cause or prejudice as required by Wainwright.
 
 
 18
 The decision below is affirmed.
 
 
 
 [1]
 First degree murder in Tennessee is defined by statute as follows:
 Every murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or the unlawful throwing, placing or discharging of a destructive device or a bomb, is murder in the first degree.
 Tenn.Code Ann. § 39-2-202.