# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs February 23, 2017 at Knoxville

## STATE OF TENNESSEE v. JACQUELINE ALLEN

**Appeal from the Circuit Court for Humphreys County**
**No. 12007     George C. Sexton, Judge**

_____

**No. M2014-01475-CCA-R3-CD – Filed May 3, 2017**

_____

The Defendant, Jacqueline Allen, was found guilty by a Humphreys County Circuit Court jury of assault, a Class A misdemeanor, and possession of a firearm by a convicted felon, a Class E felony. *See* T.C.A. §§ 39-13-101 (2010) (amended 2013), 39-17-1307 (2010) (amended 2012, 2014). The trial court sentenced the Defendant as Range I, standard offender to an effective two years' probation. On appeal, the Defendant contends that the trial court erred by failing to inquire about a violation of the sequestration rule pursuant to Tennessee Rule of Evidence 615. We conclude that the appeal should be dismissed because the Defendant's motion for a new trial was untimely.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

James L. Baum, Nashville, Tennessee, for the appellant, Jacqueline Allen.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Ray Crouch, District Attorney General; and Joseph L. Hornick, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2010, the Defendant was indicted for aggravated domestic assault and possession of a firearm by a convicted felon. The Defendant proceeded to trial on June 13, 2012, and at the conclusion of the proof, the jury found her guilty of assault and possession of a firearm by a convicted felon. The judgments reflect that on February 11, 2013, the trial court sentenced the Defendant to an effective sentence of two years' probation. Also on February 11, 2013, the judgments were entered, and the Defendant wrote a letter to the trial court stating that she wanted to file an appeal and that she

needed a court-appointed attorney. On March 7, 2013, the Defendant filed a pro se motion for a new trial in which she alleged that the evidence was insufficient to support her convictions and requested that the trial court appoint an attorney for the motion. On June 17, 2013, the trial court entered a written order stating that the Defendant's pro se motion for a new trial was heard on June 10, 2013, and that the Defendant did not appear in court for the motion hearing. As a result, the trial court denied the motion. The order did not address the Defendant's request for appointed counsel. A transcript from the motion hearing is not included in the appellate record. The record reflects no additional court filings until January 30, 2014.

On January 30, 2014, trial counsel filed a motion requesting permission to withdraw as counsel of record because the defendant had filed a petition for post-conviction relief and had been appointed counsel, who was not identified in the motion. The record reflects that an amended petition for post-conviction relief was filed on February 4, 2014, and that an evidentiary hearing was scheduled for May 1, 2014. No additional information regarding the post-conviction petition is included in the record. On February 18, 2014, the trial court granted trial counsel's request to withdraw.

In June 2014, a subsequent attorney (subsequent counsel) representing the Defendant filed an "amended motion for a new trial," alleging that the trial court erred by failing to hold a hearing after reports that witnesses were talking during the trial in violation of the sequestration rule. The motion also alleged that the evidence was insufficient to "sustain a conviction." On June 25, 2014, the trial court held a hearing on the amended motion for a new trial, and the transcript reflects that the court denied the motion at the conclusion of the hearing. On July 21, 2014, subsequent counsel filed a notice of appeal. The trial court's written order denying the Defendant's request for a new trial was signed by the trial judge on July 30, 2014, and was filed with the trial court clerk's office on August 1, 2014.

As a preliminary matter, we note the unique procedural history in this case. The record reflects, in relevant part, that the trial court imposed sentencing and entered judgments on February 11, 2013. On March 7, 2013, the Defendant filed a pro se motion for a new trial, alleging the evidence was insufficient to support her convictions. However, trial counsel represented the Defendant until February 18, 2014, more than one year after the pro se motion was filed.

Our courts have concluded that that a defendant "does not have a constitutional right to participate . . . in [her] own defense and simultaneously to be represented by participating counsel." *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976); *see Wallace v. State*, 121 S.W.3d 652, 655 n.2 (Tenn. 2003); *State v. Muse*, 637 S.W.2d 468, 470 (Tenn. Crim. App. 1982) (stating a defendant may not file pro se motions while

represented by counsel). Although the Defendant's pro se motion for a new trial was filed within the thirty days required by Tennessee Criminal Procedure Rule 33(b), the record reflects that the Defendant was represented by trial counsel. As a result, the Defendant's pro se motion was a nullity, which rendered the motion filed by subsequent counsel untimely. *See State v. Paul Fred Chappell*, No. E2010-02462-CCA-R3-CD, 2012 WL 134236, at \*5 (Tenn. Crim. App. Jan. 18, 2012); *see also State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997); *State v. Dodson*, 780 S.W2d 778, 780 (Tenn. Crim. App. 1989).

The thirty-day requirement in Tennessee Rule of Criminal Procedure 33(b) is mandatory and cannot be extended. *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004); *see* Tenn. R. Crim. P. 45(b). A trial court does not have jurisdiction to determine the merits of an untimely motion for a new trial, and this court is not authorized to waive the untimely filing of a motion for a new trial. *Martin*, 940 S.W.2d at 569; *see Dodson*, 780 S.W.2d at 780; *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1981). Therefore, the issues raised in an untimely motion for a new trial court are considered waived, except sufficiency of the evidence and sentencing. *Bough*, 152 S.W.2d at 460; *see* T.R.A.P. 3(e). Furthermore, an untimely motion for a new trial will generally result in an untimely notice of appeal, but the notice of appeal is not jurisdictional and may be waived in the interest of justice. *See* T.R.A.P. 4(a) (stating the the notice of appeal shall be filed within thirty days after entry of the judgment from which a defendant appeals).

The judgments were entered on February 11, 2013, but the motion for a new trial was filed by subsequent counsel in June 2014. The motion for a new trial was untimely, which resulted in an untimely notice of appeal. Although we may waive the timely filing of the notice of appeal in the interest of justice, we cannot do the same for the untimely motion for a new trial. The Defendant's sole issue on appeal is whether the trial court erred by failing to investigate an alleged violation of Tennessee Rule of Evidence 615, not sufficiency of the evidence or sentencing. Therefore, we conclude that the Defendant's issue is waived and that the appeal should be dismissed.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

- 3 -