IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs August 28, 2018

**STATE OF TENNESSEE v. WAYFORD DEMONBREUM, JR.**

**Appeal from the Criminal Court for Wilson County**
**No. 15-CR-1168     Brody N. Kane, Judge**

_____

**No. M2017-01844-CCA-R3-CD**

_____

Defendant, Wayford Demonbreum, Jr., appeals the denial of his Motion for Correction or Reduction of Sentence filed pursuant to Tennessee Rule of Criminal Procedure 35. In this appeal, Defendant argues that his sentence should be reduced because his plea agreement stated the offense to which he pleaded guilty as attempted possession of marijuana in an amount less than 70 pounds, which is a Class E felony. T.C.A. § 39-17-417(i)(13); T.C.A. § 39-12-107(a). The State responds that the trial court did not abuse its discretion in denying Defendant's motion, having determined that the plea agreement was erroneous, and Defendant understood that he was pleading guilty to the offense of attempted possession of marijuana in an amount more than 70 pounds, a Class C felony, for which Defendant was sentenced as a Range I offender to six years. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

James Patterson, Mount Juliet, Tennessee, for the appellant, Wayford Demonbreum, Jr.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural history*

Defendant was indicted by the Wilson County Grand Jury for one count of possession of *more* than 70 pounds of marijuana with intent to sell or deliver, a Class B

felony. T.C.A. § 39-17-417(i)(13). A plea agreement signed by Defendant states that he would plead guilty to "Att Poss Sched VI w/ Intent < [less than] 70lbs." The plea agreement does not state the class of felony of the offense. It states that Defendant's sentence would be six years to be served as a Range I offender, and that his sentence would be consecutive to a sentence imposed for a prior conviction.

At the March 7, 2017 plea hearing, the State announced that Defendant was entering a guilty plea to "the lesser included offense of attempt to possess Schedule VI marijuana *greater* than seventy pounds. That would make this a Class C felony." (emphasis added). The State announced that Defendant would receive a sentence of six years as a Range I offender, and his sentence would run consecutively to a sentence Defendant was serving for a prior conviction, for which Defendant was on parole at the time of the offense in this case. Defendant stated that he understood the plea agreement and that he had discussed it with his attorney. After the trial court reviewed the State's proof and ascertained that Defendant was aware of the rights he waived by entering his plea, the trial court asked Defendant, "[a]re you pleading guilty to attempted possession of a Schedule VI drug with intent in the amount of *less* than seventy pounds, take a six[-]year sentence as a Range I offender at thirty percent, consecutive to the other sentence that you have, are you doing so because you are in fact guilty of this offense?" (emphasis added).

The original judgment, filed on March 16, 2017, reflects that Defendant pleaded guilty to "POSSESSION OF SCH. VI, MARIJUANA > 70 LBS.[,]" a Class B felony. The conviction offense is the same as the indicted offense. A corrected judgment was entered on April 12, 2017, reflecting the conviction offense as "POSSESSION OF SCH. VI, MARIJUANA < 70 LBS.[,]" a Class C felony. A second corrected judgment, filed on May 25, 2017, reflected the conviction offense as "ATT. TO POSSESS SCH VI, MARIJUANA > 70 LBS[,]" a Class C felony. All three judgments reflected that Defendant was sentenced as a standard Range I offender to six years.

On April 7, 2017, Defendant filed a *pro se* motion to withdraw his guilty plea, pursuant to Tenn. R. Crim. P. 32(f). Defendant argued his counsel was ineffective for incorrectly advising him that he would be sentenced as a Range II offender, rather than Range I, if convicted at trial and that his guilty plea was not voluntarily, knowingly, and intelligently entered.

On June 6, 2017, Defendant filed a *pro se* motion for correction or reduction of sentence pursuant to Tenn. R. Crim. P. 35. Defendant contended that his sentence of six years was illegal and that the proper sentencing range for "Possession of Schedule VI, Marijuana under 70lb," a Class D felony, is two to four years.

The trial court entered an order appointing counsel to represent Defendant on May 19, 2017. Defense counsel did not file any pleadings on behalf of Defendant. A hearing was held on both of Defendant's *pro se* motions on July 28, 2017. Defendant was represented by counsel at the hearing. As to the Rule 35 motion, the State argued,

> the plea form has the greater than, less than sign pointed in the wrong direction. That's clearly an error. It's not what we announced in court. What we announced in court when we all came to this podium and announced to the Court was a Class C Felony, which was within range, and that's what the [plea hearing] transcript reflects.

The State offered the transcript of the plea hearing into evidence and argued,

> As far as the ambiguity, we've submitted the transcript which is good evidence for this hearing. We've submitted the plea form. We submit there is no ambiguity. This is just the Defendant coming in here now trying to renege on a negotiated agreement, and we'd ask either that the Court hold the agreement as six years, or grant [Defendant's] motion to withdraw the guilty plea and let's set it for trial. We're fine either way.

After reviewing the plea hearing transcript, the trial court noted that it had erroneously stated "less than" rather than "more than" at the conclusion of the plea hearing. The trial court opined that "I was probably reading off the judgment sheet." However, the original judgment indicated more than 70 pounds, and the plea agreement indicated less than 70 pounds. Nevertheless, the trial court found that Defendant understood that he was pleading guilty to "attempt to possess Schedule VI marijuana greater than 70 pounds . . . a Class C felony," as announced by the State and agreed to by Defendant at the beginning of the plea hearing.

Regarding his motion to withdraw his guilty plea, Defendant testified that he believed he was pleading guilty to the offense of possession of less than 70 pounds of marijuana. He testified that his trial counsel advised him that his potential sentencing range was eight to twelve years. Defendant testified that he was on parole for a prior second degree murder conviction at the time of the offense in this case. Defendant testified that he learned after he entered his guilty plea that six years was too great of a sentence for the charge in the plea agreement. He testified that he "glanced over" the plea agreement. He did not see "attempt" in the offense. Defendant testified, "I didn't even know that attempt to possess was even a charge in drug [offenses]."

The trial court explained to Defendant that if his motion to withdraw his guilty plea was granted, and he proceeded to trial, his sentence exposure would be greater than

six years. Defendant testified that it was "not exactly what [he] want[ed] to do." Defendant testified that he was "the only one that ha[d] to suffer for this case" and that it was "wrong." The trial court explained to Defendant that if his case proceeded to trial, "[y]our potential exposure would be far in excess of what your actual plea is." The trial court stated,

> I want to make sure that you understand that if your motion is granted and we set this for trial[,] there will be no plea negotiations. I would not accept a plea on this case given the procedural history, and you're going to be looking at significantly more time should the jury come back with a guilty decision.

The State offered to concede Defendant's motion to withdraw his guilty plea and set the case for trial, and Defendant stated, "I'll take the six." Defendant again told the trial court, "I'll take the six. I'm through." The trial court offered to give Defendant time to speak with his counsel, and Defendant stated, "I'm through. I accept the six." The trial court then asked Defendant's counsel if Defendant was withdrawing his motion to withdraw his plea, and counsel responded, "Yes, he is."

In a written order denying Defendant's Rule 35 motion, the trial court concluded that "the second corrected judgment accurately reflected the agreement of the parties as borne out by the plea transcript."

*Analysis*

On appeal, Defendant contends that the plea agreement, signed by both parties, should control and that his conviction offense should be reduced to the Class E felony of attempted possession of marijuana in an amount less than 70 pounds, which carries a sentence of one to two years.

The State initially argues that Defendant's pleadings were a nullity because he filed his *pro se* motion while he was represented by counsel. *See State v. Davis*, 141 S.W.3d 600, 615-16 n.12 (Tenn. 2004) (citing *Wallace v. State*, 121 S.W.3d 652, 655 n.2 (Tenn. 2003); *State v. Muse*, 637 S.W.2d 468, 470 (Tenn. Crim. App. 1982) (stating a defendant may not file *pro se* motions while represented by counsel). The State makes this argument for the first time on appeal. The State did not raise this issue in the trial court or make any objection to the pleadings at the hearing on Defendant's motions. Therefore, the argument is now waived. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) (issues raised for the first time on appeal are waived.).

Rule 35 of the Tennessee Rules of Criminal Procedure provides as follows:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

(c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

Tenn. R. Crim. P. 35(a)-(c).

Our review of a trial court's ruling under Rule 35 of the Tennessee Rules of Criminal Procedure is governed by the "abuse of discretion" standard. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). The trial court abuses its discretion "only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006). "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.; *see also State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991). Thus, Rule 35 relief is generally inapt when the defendant has "failed to show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994); *see Ruiz*, 204 S.W.3d at 778 (stating in dicta that the Rule 35 standard of review is "whether post-sentencing information or developments have arisen that warrant an alteration in the interest of justice").

Defendant contends that the "post-sentencing information that has arisen is the changes to the judgment forms that have been filed." The State responds that "there are no unforeseen, post-judgment facts that justify" a reduction in Defendant's sentence. The State asserts that "[t]he error in the plea agreement was apparent at the time the defendant entered his plea."

Defendant acknowledges that the transcript controls when the record shows a conflict between the judgment form and the transcript. *See State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). Defendant states that the transcript of the plea hearing comports with the plea agreement. He refers to the trial court's question to Defendant at the conclusion of the plea hearing, "[a]re you pleading guilty to attempted

possession of less than seventy pounds . . . ." At the beginning of the plea hearing, however, the State announced that Defendant was pleading guilty "to the lesser included offense of attempt to possess Schedule VI marijuana greater than seventy pounds. That would make this a Class C felony." The trial court asked Defendant, "is that in fact your agreement, sir?" Defendant answered, "[t]o take the six, yes."

At the hearing on Defendant's motions, the trial court concluded that it "misspoke" and that the plea hearing transcript shows that all parties agreed that Defendant was pleading to the charge of attempted possession of marijuana in an amount more than 70 pounds.

Defendant entered his plea of guilty pursuant to Rule 11(c)(1)(C) of the Tennessee Rules of Criminal Procedure. The State and Defendant agreed to a specific sentence of six years as a Range I standard offender with a release eligibility after service of thirty percent of the sentence. The sentence was accepted and placed into effect by the trial court. Rule 35 does not grant the trial court the authority to modify the plea agreement. We conclude that the trial court did not abuse its discretion in denying Defendant's motion.

Defendant emphasizes the lack of signatures by defense counsel and the clerk of court on the original judgment and both corrected judgments. However, the judgment form's signature line explicitly denotes that Defendant's signature is optional. The fact that Defendant's signature does not appear on the judgment form does not negate the trial court's conclusion that Defendant understood that he was being sentenced to six years for the offense of attempted possession of more than 70 pounds of marijuana, a Class C felony, which is correctly reflected in the judgment entered on May 25, 2017.

CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

- 6 -