IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2021

**STATE OF TENNESSEE v. STACY L. CURRY**

**Appeal from the Circuit Court for Madison County**
**Nos. 17-24, C-19-142      Kyle C. Atkins, Judge**
_____

**No. W2020-00183-CCA-R3-PC**
_____

The Petitioner, Stacy L. Curry, entered a guilty plea to aggravated sexual battery and received an agreed-upon sentence of twenty years in prison. He filed various post-judgment motions, including the petition for post-conviction relief at issue on this appeal. The post-conviction court dismissed the petition, and the Petitioner appeals, asserting he was entitled to a hearing. Because the record is inadequate to allow review of the basis of the post-conviction court's dismissal, we conclude any challenge is waived and affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

William J. Milam (on appeal) and Alexander Camp (at hearing), Jackson, Tennessee, for the appellant, Stacy L. Curry.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The procedural history of this case is complicated by the numerous filings and lack of clarity regarding the nature of the pleadings. The Petitioner was indicted for aggravated sexual battery committed in 2016 against an eight-year-old child, and he

entered a guilty plea on June 19, 2017. At the plea hearing, which is contained in this court's prior records,[1] the prosecutor stated that the Petitioner was pleading guilty to aggravated sexual battery with an agreed-upon sentence of twenty years but that the State was prepared to proceed with a superseding indictment which would charge him with both aggravated sexual battery and rape of a child, exposing him to a much longer potential sentence. The Petitioner agreed that he understood the charges he faced and that he was voluntarily pleading guilty, and he was sentenced as a multiple offender to serve twenty years in confinement with a one hundred percent release eligibility. The judgment form in the record does not contain a file-stamp date, but the date of entry is listed as August 9, 2017, and the record contains an order in which the post-conviction court found that the judgment was filed on August 11, 2017. *See State v. Edward Dewayne Shelton, Jr.*, No. M2018-00319-CCA-R3-CD, 2018 WL 5733132, at *1 (Tenn. Crim. App. Oct. 31, 2018) (concluding that, although the judgment bore no file-stamp, the deadline for the motion to withdraw the plea was not extended by eight years when the appellant received a copy of the judgment, the judgment had presumably been filed since it was in the record, and the trial court made a determination that the judgment had been entered eight years prior to the motion).

On September 15, 2017, the Petitioner filed a motion to withdraw his guilty plea,[2] contending that a DNA test allegedly exonerated him and asserting that his plea was not voluntary because trial counsel promised him he would get a fifteen-year sentence and told him he would face trial on a charge of rape of a child if he did not plead guilty. *See* Tenn. R. Crim. P. 32(f)(2). The post-conviction court appointed initial post-conviction counsel to represent the Petitioner and to file an amended petition. The State filed a response asserting that the motion was untimely and urging the court to treat the motion as one for post-conviction relief. *See* Tenn. R. Crim. P. 32(f)(2) (permitting the court to consider withdrawal of a plea "[a]fter sentence is imposed but before the judgment becomes final"); *Hill v. State*, 111 S.W.3d 579, 580 (Tenn. Crim. App. 2003) ("A trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed.").

In a subsequent order setting the matter for a hearing, the court found that on November 21, 2017, it had "allowed the [Petitioner] to amend the motion and file a petition for post-conviction relief." The record does not include the November hearing, an amended motion, or any petition for post-conviction relief filed by initial post-

---

[1] "We take judicial notice of the court records and actions in earlier proceedings in this case." *Brown v. Jordan*, 563 S.W.3d 196, 198 n.3 (Tenn. 2018).

[2] This motion is not contained in the appellate record, but the post-conviction court found that the motion was filed on this day, and an accompanying memorandum, filed September 19, 2017, is contained in the record.

conviction counsel. At a hearing on June 4, 2018, the post-conviction court informed the Petitioner, "It's my understanding that you are withdrawing your Petition for Post-Conviction," and the Petitioner agreed. The Petitioner said that he had discussed the matter with initial post-conviction counsel and that he understood that he would not be able to refile "it." He agreed he was "voluntarily doing this." The court accordingly entered an "Order Dismissing Petition with Prejudice" in which it stated that the Petitioner had filed a petition "seeking to withdraw his guilty plea" and that the Petitioner, having affirmed he understood "that the matter could not be represented in the future," withdrew the petition.

The Petitioner then filed a number of pro se motions. On October 22, 2018, he filed a "Motion for Correction and Reduction of Sentence" under Tennessee Rule of Criminal Procedure 35, which was dismissed as untimely. The Petitioner proceeded with a pro se appeal, which this court dismissed on September 19, 2019, for failure to file a brief. *State v. Stacy L. Curry*, No. W2018-02101-CCA-R3-CD, (Tenn. Crim. App. Sept. 19, 2019) (order). On December 12, 2018, the Petitioner filed a "Motion for Appointment of Counsel and Accompanying Memorandum of Law in Support of Motion for Appointment of Counsel," which asserted that the Petitioner either had a pending post-conviction matter or was in the process of filing one.

On February 27, 2019, the Petitioner filed a pro se "Motion to Correct Illegal Sentence" which mainly raised issues of ineffective assistance of counsel and voluntariness of the plea. On March 27, 2019, the post-conviction court dismissed the "Motion to Correct Illegal Sentence." The March 27, 2019, order included the following in its summary of the history of the case: "The [Petitioner] previously filed a motion to withdraw his guilty plea, which he later withdrew in open court while represented by counsel. An order dismissing the motion and post-conviction relief was entered on June 4, 2018." The post-conviction court concluded that the Rule 36.1 "Motion to Correct Illegal Sentence" could not be treated as a petition for post-conviction relief because the petition would be untimely and that it could not be treated as a petition for habeas corpus relief because the venue was improper. The Petitioner filed a "Motion to Reconsider," asserting that he was entitled to a hearing regarding post-conviction claims raised in the motion and arguing that he was entitled to due process tolling of the statute of limitations because "appointed counsel" led him to believe that counsel was pursuing a direct appeal. The Petitioner used both masculine and feminine pronouns to refer to the counsel who allegedly led him to believe an appeal was being pursued, and it is, accordingly, impossible to tell whether he meant trial counsel or his initial post-conviction attorney.

On May 31, 2019, the Petitioner filed the petition for post-conviction relief at issue on appeal, which was filed under Docket No. C-19-142, and not Docket No. 17-24, under which the Petitioner's other motions were filed. The Petitioner stated that he had

not previously filed any petition regarding the judgment other than a direct appeal. The petition asserted that the Petitioner's initial post-conviction attorney, who had a long history of disciplinary proceedings, represented him at his motion to withdraw his guilty plea, that she told him she would file a post-conviction petition on his behalf, and that her law license was subsequently suspended. The petition included allegations of ineffective assistance against his trial counsel. The post-conviction court found that the petition presented a colorable claim for relief and appointed post-conviction counsel to represent the Petitioner. The State filed a response, asserting that the petition was time-barred and that the Petitioner had filed a previous petition for post-conviction relief which was withdrawn with prejudice. On January 9, 2020, the post-conviction court entered an order finding that the cause was heard on January 6, 2020, and that "for good cause shown," the petition should be dismissed.

The Petitioner filed a pro se notice of appeal on February 3, 2020, attaching judgment of conviction, the post-conviction court's November 27, 2018, denial of his untimely Rule 35 motion, which had been the subject of his prior appeal, and the post-conviction court's March 27, 2019, denial of his Rule 36.1 motion. This court, in addressing the Petitioner's motions regarding indigence, noted that the notice of appeal would be untimely as to either of these orders and ordered the Petitioner to supplement the record to specify the date of the order being appealed.

The Petitioner filed the requested supplemental motion, attaching numerous documents, including the denial of the post-conviction petition from Docket No. C-19-142. This court concluded that the notice of appeal was timely as to the post-conviction court's January 9, 2020, dismissal of the petition for post-conviction relief. We further noted that the Petitioner appeared to have been appointed counsel for the post-conviction proceeding and directed post-conviction counsel to respond and to include any order permitting withdrawal. Post-conviction counsel responded that it appeared from the notice of appeal that the Petitioner was appealing an order from Docket No. 17-24, that post-conviction counsel had only been appointed to represent the Petitioner on "what appeared to be his second filed post-conviction petition" in Docket No. C-19-142, and that the Petitioner had agreed that he did not want to pursue an appeal regarding Docket No. C-19-142. The Petitioner filed a pro se motion alleging that post-conviction counsel had a conflict of interest, and this court remanded the case for the post-conviction court to determine questions regarding the Petitioner's representation. The post-conviction court appointed appellate counsel to represent the Petitioner.

Appellate counsel moved to withdraw under Tennessee Rule of Criminal Procedure 22 and *Anders v. California*, 386 U.S. 738 (1967). The Petitioner opposed the motion to withdraw, and this court denied the motion. In allowing an extension for appellate counsel to submit briefing, this court sua sponte ordered the record to be

supplemented with the June 4, 2018, hearing, and the case is before us on the briefing submitted by the parties.

## ANALYSIS

On appeal, the Petitioner asserts that he received ineffective assistance from his trial counsel related to the plea and ineffective assistance from initial post-conviction counsel, and he references allegations that initial post-conviction counsel misled him regarding the status of his post-conviction petition. He avers that the post-conviction court erred in dismissing the petition without a hearing. The State responds that the record establishes that the petition was untimely, that the matter before us is the Petitioner's second petition for post-conviction relief, and that the post-conviction court accordingly did not err in dismissing it. We conclude that without a proper record, the Petitioner's claims are waived, and we accordingly affirm the post-conviction court's judgment.

Post-conviction relief is available when a conviction or sentence is void or voidable due to the violation of a constitutional right. T.C.A. § 40-30-103. As a preliminary consideration, the post-conviction court must examine the petition and "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." T.C.A. § 40-30-106(f). A colorable claim is a claim that, "if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)).

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Failure to file within the limitations period bars relief and removes the case from the court's jurisdiction. T.C.A. § 40-30-102(b). The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." T.C.A. § 40-30-102(a). The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. T.C.A. § 40-30-102(b). In addition to the statutory exception, our courts have recognized that on occasion, due process requires that the statute of limitations be tolled. *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). Accordingly, despite statutory language that "[t]he statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law

or equity," T.C.A. § 40-30-102(a), due process may require tolling when circumstances beyond the petitioner's control preclude raising the post-conviction claims. *Williams*, 44 S.W.3d at 469. Due process may toll the statute of limitations, for instance, when the petitioner is the victim of his counsel's misrepresentation. *Id.* at 471 (remanding for a determination of misconduct).

Furthermore, "if a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." *Matthew Dixon v. State*, No. W2015-00130-CCA-R3-PC, 2015 WL 6166604, at *4 (Tenn. Crim. App. Oct. 21, 2015). A petitioner may withdraw a petition prior to its hearing without prejudice to the right to refile a petition within the original statutory limitations period. T.C.A. § 40-30-109(c). However, when a petition is voluntarily dismissed with prejudice, no second post-conviction petition can be filed. *Chad Howard Brooks v. State*, No. E2008-00084-CCA-R3-PC, 2010 WL 960330, at *3-4 (Tenn. Crim. App. Mar. 17, 2010) (concluding that the transcript established that the voluntary dismissal was with prejudice and that the second petition was properly summarily dismissed); *see Curtis Wren v. State*, No. W2017-00500-CCA-R3-PC, 2017 WL 4331054, at *2 (Tenn. Crim. App. Sept. 28, 2017) (no second petition could be filed when the first petition was dismissed after a review of the petition and record by the trial court).

It appears that the Petitioner, through his pro se filings in the post-conviction court and in this court, is attempting to assert that this is not his second post-conviction petition and that he is entitled to due process tolling. We interpret the Petitioner's arguments to contend that his initial motion to withdraw his guilty plea was never converted into a post-conviction petition and that initial post-conviction counsel both misrepresented the nature of the June 4, 2018, voluntary dismissal and misled him by telling him that she would file a timely post-conviction petition on his behalf. In general, we cannot consider a petitioner's pro se filings submitted while represented by counsel. *State v. Smith*, 492 S.W.3d 224, 242 (Tenn. 2016) (citing *State v. Muse*, 637 S.W.2d 468, 470 (Tenn. Crim. App. 1982), for the proposition that a defendant cannot file pro se motions while simultaneously represented by counsel). The Petitioner's brief submitted by appellate counsel asserts that his initial post-conviction attorney performed deficiently in her advice for him to withdraw his Rule 32 motion and cites to the allegation in the petition for post-conviction relief that his initial post-conviction attorney misled him into believing she would file a post-conviction petition on his behalf. He asserts that he is entitled to a hearing on whether trial counsel's performance was deficient and whether his plea was the result of coercion. The State responds that the petition is untimely, that a withdrawn petition cannot toll the statute of limitations, and that the petition was the Petitioner's second post-conviction petition.

We conclude that the record on appeal simply does not permit us to review the post-conviction court's dismissal. When the instant post-conviction petition was filed, the post-conviction court found it raised a colorable claim for relief and appointed counsel. The State filed a response asserting that the petition was not timely and that the petition constituted a second petition for post-conviction relief. According to the January 9, 2020, order which is the subject of this appeal, the State's motion to dismiss the post-conviction petition was heard on January 6, 2020, and "for good cause shown," the petition was dismissed. The January 6, 2020, hearing is not part of the record. The record does not reveal whether the post-conviction court dismissed the petition on the basis that it was untimely or whether it addressed the Petitioner's due process tolling allegations. Although the documents in the appellate record refer inconsistently to the filing which was voluntarily dismissed on June 4, 2018, as either a motion to withdraw a guilty plea or as a post-conviction matter, the record does not reveal whether the post-conviction court found that the petition was a second petition for post-conviction relief.

Based on the appellate record submitted, we cannot review the post-conviction court's determinations because the basis of the post-conviction court's dismissal is not apparent. The appellant has the duty to prepare a record which conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). In the absence of a transcript, we presume that the trial court's judgments were correct. *State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993); *see State v. Thompson*, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000) (determining that the failure to prepare a proper record results in waiver). Because we cannot determine or review the basis for the post-conviction court's dismissal of the petition, the issue is waived.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE